IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CAROLYN MEADE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 08-0149-CV-W-ODS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant. | ) |

**ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her applications for disability and Supplemental Security Income benefits. The Commissioner's decision is affirmed.

Plaintiff's challenge is rather narrow, and renders an exhaustive discussion of the record unnecessary. She alleges she became disabled effective April 10, 2005, due to a combination of degenerative joint disease in her knees, osteoporosis, hypertension and obesity. Plaintiff's 55th birthday was on January 5, 2007. Under Social Security Regulations, Plaintiff was "approaching advanced age" on her alleged onset date, but entered a new category – "advanced age" – upon turning 55.

The ALJ found Plaintiff had the residual functional capacity to lift and carry ten pounds frequently and twenty pounds occasionally, stand and walk fifteen minutes at a time and for two hours a day, sit for one hour at a time and for six hours a day with a need to change positions as needed. The ALJ found Plaintiff could not lift objects from the floor, bend at the waist to reach the floor, climb ladders or scaffolds or work at unprotected heights, and needed to avoid extremes of heat, cold, dust and fumes. Plaintiff does not dispute these factual findings.

The ALJ incorporated these findings in a hypothetical question posed to a vocational expert ("VE"). The VE testified a person with those limitations could not perform Plaintiff's past work as a packer or order picker, but could perform other work in

the national economy such as electrical sub-assembler, small parts assembler, or bench assembler. These jobs are characterized as unskilled work performed at the light exertional level, which prompted further inquiry because of the limitations on Plaintiff's ability to stand and walk. The VE explained that these jobs are considered light because of the lifting requirements and the jobs she identified could be performed by a person with Plaintiff's limitations. The VE further explained that a job could be considered light if it involved lifting no more than ten pounds frequently and twenty pounds occasionally, *or* if it involved standing for a significant amount of time, *or* if it involved the use of the upper body at a production pace (such as in the case of a sewing machine operator). R. at 26-28.

The ALJ ultimately issued a partially favorable decision. The ALJ relied on the VE's testimony to conclude Plaintiff retained the residual functional capacity to perform work prior to January 5, 2007. The Medical-Vocational Guidelines dictate a finding of disability for a person who is of "advanced age" with Plaintiff's educational and vocational background and who is limited to light work, so the ALJ found Plaintiff was disabled as of her 55th birthday.

Plaintiff does not quarrel with the ALJ's conclusion insofar as it awards her benefits effective January 5, 2007. However, she contends the ALJ should have regarded her as limited to sedentary work and not light work. This difference is significant because the Medical-Vocational Guidelines dictate a finding of disability for a person with Plaintiff's educational and vocational background who is "approaching advanced age" and is limited to sedentary work.

The problem with Plaintiff's argument is that she could perform some (although not all) light work and was not limited to sedentary work, so the Medical-Vocational Guidelines did not compel a finding of disability prior to January 5, 2007. The regulations define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b); see also 20 C.F.R. § 416.967(b). Plaintiff satisfied some, but not all, of the requirements for light work. Thus, while Plaintiff could not perform a full range of light work, this does not mean that she could not perform particular jobs that qualified as light work. As explained by the VE (and as set forth in the regulation), the lifting requirement for light work decreases as the amount of standing increases; conversely, as the lifting requirement increases (to the maximums stated in the regulation), the amount of standing decreases. Plaintiff satisfied the maximum lifting requirement for light work, meaning she could potentially perform some jobs in that category. Finally, it should be noted Plaintiff's capabilities exceeded the limits for sedentary work. See 20 C.F.R. §§ 404.1567(a), 416.967(a). Under these circumstances, the ALJ properly determined that while Plaintiff could not perform a full range of light work, she retained the residual functional capacity to perform some jobs that are categorized as light. The partial denial of benefits is affirmed.
IT IS SO ORDERED.

DATE: September 5, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3